# STATE OF MICHIGAN

# COURT OF APPEALS

IN THE MATTER OF JEFARSAN SHAMOON,

UNPUBLISHED
February 15, 2018

No. 336343
Oakland Probate Court
LC No. 2012-344331-MI

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

Appellant appeals as of right an order denying his petition for the removal of an involuntary-hospitalization order from the Law Enforcement Information Network (LEIN).[1] We reverse and remand for further proceedings.

On July 11, 2016, appellant filed the petition for removal from the LEIN, claiming that he was "automatically placed" into the LEIN after he was ordered into involuntary treatment in 2012 for a maximum of 60 days. On October 20, 2016, the court denied the petition. The court concluded that it was without jurisdiction to consider the request pursuant to MCL 28.422b because, in the court's words, "[t]he legislature gave exclusive authority to the department of state police to process requests to expunge information from LEIN." We disagree.

This Court reviews determinations of law de novo. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 471-472; 719 NW2d 19 (2006). Here, the probate court failed to account for MCL 330.1464a(1) and (2), which provide:

> (1) Upon entry of a court order directing that an individual be involuntarily hospitalized under this chapter or that an individual involuntarily undergo a program of alternative treatment or a program of combined hospitalization and alternative treatment under this chapter, the court shall immediately order the department of state police to enter the court order into the law enforcement information network. The department of state police shall

---

[1] Appellant is the person whose name was placed on the LEIN and appellee is the person who filed the initial petition for hospitalization. Appellee did not oppose the petition to remove appellant from the LEIN and has not filed an appellate brief.

-1-

remove the court order from the law enforcement information network only upon receipt of a subsequent court order for that removal.

(2) The department of state police shall immediately enter an order described in subsection (1) into the law enforcement information network or shall immediately remove an order from the law enforcement information network as ordered by the court under this section.

Because "court" refers to "the probate court or the court with responsibility with regard to mental health services," MCL 330.1400(c), the probate court had jurisdiction to address appellant's claim on the merits. Moreover, MCL 28.421 *et seq.* is a body of law regulating firearms and the process by which a person obtains a concealed pistol license (CPL), and the petition made clear that appellant was not a CPL applicant. The petition made no reference to a CPL and stated that appellant "has no desires to own or purchase a gun." The court erroneously determined that MCL 28.422b gives the Department of State Police *exclusive* authority to remove information from the LEIN; indeed, MCL 330.1464a requires a court order as a prerequisite in circumstances such as those in the present case.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel

---

[2] Appellant provided evidence that his attorney requested that the police remove appellant's name from the LEIN but was told that "the Michigan State Police cannot remove an order of involuntary hospitalization . . . from the [LEIN] without an order from the court to do so." We do not address a situation in which a person such as appellant is seeking a CPL and is thus seeking expungement from the LEIN under both MCL 28.421 *et seq.* and MCL 330.1464a, because such a situation is not before us.